

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**

**ATTORNEY GENERAL**

Industrial Accident Board
Land Office Building
Austin, Texas

Gentlemen:

Attention: Mr. Hill or Mr. Hamrick, members.

Opinion No. O-5574

Re: Whether or not the Industrial Accident Board is required to consider or recognize bills or reports of chiropractors pertaining to physical examinations of claimants.

Your letter asking for an opinion, above subject-matter, is as follows:

"The Industrial Accident Board desires an opinion from your department in regard to bills and reports of chiropractors filed with the Industrial Accident Board under Article 8306, Section 7 of the Workmen's Compensation Insurance Act, the portion which says: 'at the time of the injury or immediately thereafter, if necessary, the employee shall have the right to call in any available physician to administer first aid treatment as may be reasonably necessary at the expense of the association'. Could this include chiropractors?

"Shall the Board be required to consider or recognize bills or reports of chiropractors pertaining to physical examinations of claimants?

"For the purpose of illustration, we quote the following chiropractor's report which was submitted to the Industrial Accident Board in support of a compromise settlement agreement. We have, of course, substituted a fictitious name for the real name of the claimant:

Industrial Accident Board - page 2

"'This report concerns John Doe
of Austin, Texas, whom I have been
treating for the past two months.

"'His condition was caused by an
injury, received while working in Lub-
bock, Texas, which affected the Sacro-
Illiac Joint and a misplacement of the
fourth and fifth lumbar vertebrae. This
misplacement caused severe pain in low-
er part of back and leg.

"'He has missed several days in
school and is still under my treatment,
and will continue for two or three
weeks longer. The treatment will pre-
vent future trouble that could cause
him lots of trouble.

"'We have given him Daithern &
Ultra-Violet ray and have adjusted the
vertebrae & Sacro-Illiac misplacement
and he is responding very nicely.'"

It is the opinion of this Department that your
inquiry should be answered in the affirmative.

Section 7 of Article 8306 of the Revised Civil
Statutes referred to by you contains the following:

"* * *. At the time of the injury or imme-
diately thereafter, if necessary, the employee
shall have the right to call in any available
physician or surgeon to administer first-aid
treatment as may be reasonably necessary at the
expense of the Association."

The Section deals with the subject of medical aid,
hospital services and medicine, and specifically requires
that "during the first four weeks of the injury, dating from
the date of its infliction, the Association shall furnish
reasonable medical aid, hospital services and medicines.
During the fourth or any subsequent week, upon application
of the attending physician certifying the necessity there-
for to the Board and to the Association, the Board may author-

Industrial Accident Board - page 3

ize additional medical attention not to exceed one (1)
week, unless at the end of such additional week the at-
tending physician shall certify to the necessity for
another week of medical attention or so much thereof
as may be needed, but in no event shall such medical
attention be authorized for a period longer than ninety-
one (91) days from date of injury.

The provision for first-aid treatment above
quoted is to be considered, of course, in connection
with the other portions of the section, as in the nature
of a proviso, more particularly taking care of "first-aid
treatment". It is a humane provision and should be liber-
ally construed to effectuate its purpose.

In Home Life & Accident Co. v. Cobb, 220 S. W.
at p. 133, the court said:

> "The second proposition is that where
> necessary at the time of the injury, or im-
> mediately thereafter, the employee shall
> have the right to call in any available
> physician to administer first-aid treat-
> ment as may be reasonably necessary, at
> the expense of the Association. This
> proposition states a correct principle of
> law, but has no application to this case,
> under the facts found by the trial court."
> (Emphasis ours)

In Federal Underwriters Exchange v. Simpson, 137
S. W. 132, p. 136, the court says:

> "The statute * * * does require such
> notice to be given the insurer, that it
> may have opportunity to furnish such ser-
> vices; but it likewise makes the insurer
> liable for first aid treatment after in-
> jury procured by the employee. Manifestly,
> setting by a physician of a badly broken
> arm comes within this category and the
> reasonable expense incurred by the employee
> for that purpose was all that the judgment
> allowed."

It is true the Statute being considered was en-
acted by the 46th Legislature (1939), and the Chiropractic

Industrial Accident Board - part 4

ct is that of a subsequent legislature -- the 46th -- which Act defines chiropractic as follows:

"Sec. 3.   Chiropractic is defined to be the science of analyzing and adjusting the articulations of the human spinal column, and its connecting tissues, without the use of drugs or surgery.  Chiropractic shall in no sense be construed or defined as treatment or attempted treatment of patients by use of surgery or medicine.  It is hereby declared the purpose of the legislature to make as definite the distinction between Chiropractic and other sciences as the distinction between Dentistry and Medicine.

"Sec. 3a.  No chiropractor shall treat any patient for any ailment or illness except by chiropractic as that term is herein defined.  Provided that it shall be a violation of this Act for any person licensed hereunder to treat any person for infectious or contagious diseases or to engage in the practice of medicine."

Now, that chiropractics are authorized by law to treat any patient or any ailment or illness in the manner described in the Act, that Act becomes a part of the general laws, and is to be read, construed and applied in the light of that general law, and the general law likewise is to be construed in the light of both Acts.

When so considered, we think it is apparent that a chiropractic doctor or physician is a "physician", within the meaning of Section 7, and that where such chiropractic has been called in a case where it is reasonably necessary for first-aid treatment of an injured employee, the expense thereof is properly chargeable to the Association.  No hard and fast rule can be stated, but where the employee suffers an injury affecting the spinal column and its connecting tissues, of such magnitude as reasonably to require quick treatment, he may call a chiropractic.  On the other hand, where he suffers an injury demanding speedy medical or surgical treatment, he should call a medical doctor or surgeon.  Thus, suffering a scald, a cut, or a

Industrial Accident Board - page 5

broken bone, he would not be justified in calling a chiropractor; whereas, if the injury was to the spinal column itself, or its connecting tissues, he would be justified in calling a chiropractor, now specifically authorized to treat such parts of the human anatomy by the system of analyzing and adjusting these parts.

The intention of the Legislature in enacting a measure is the law. It is perfectly obvious that the real intention of the Legislature in authorizing an injured employee upon receiving an injury to call in any available physician to administer first-aid treatment as may be reasonably necessary, was and is upon humane principles, to enable such injured employee to have forthwith the benefit of treatment from any practitioner available, whether such practitioner be technically a practitioner of medicine, of surgery, of osteopathy, or chiropractics. There is nothing in the history of the Act, neither is there anything in the context thereof, to indicate in the least that the Legislature spoke in behalf of any school of medicine or treatment other than, of course, a practitioner authorized by law to treat and to charge therefor.

The Legislature was not dealing with the subject of therapeutics or healing, but that of first aid to an injured employee by whatever school or system the same is rendered, if such treatment be authorized by law. Any other construction would be narrow and even subversive of the end sought by the Act.

The Workman's Compensation Act speaks prospectively, and its provision in the respect being considered is applicable to the situation at the time such aid is actually needed. In homely phrase, the Legislature has authorized the injured employee injured in course of employment to call a doctor forthwith, if necessary, at the expense of the Association.

Lexicographers thus define the word:

"A person skilled in the art of healing; one duly authorized to treat diseases, esp. by medicines; a doctor of medicine." -- Webster's New International Dictionary.

Industrial Accident Board - page 6

"One versed in or practicing the art
of medicine or healing bodily disease by
the administration of remedies; specif.
one legally authorized to treat diseases;
a doctor of medicine." -- Funk & Wagnall's
New Standard Dictionary.

"One who practices or is skilled in
the art of healing and in methods of pre-
serving and promoting health, especially
one who prescribes remedies for diseases."
-- Encyclopedia Americana.

Indeed, the Penal Code itself emphasizes the
construction above indicated. Article 741 of the Code
declares:

"Any person shall be regarded as prac-
ticing medicine within the meaning of this
chapter: * * * 2. Who shall treat or offer
to treat any disease or disorder, mental or
physical, or any physical deformity or in-
jury, by any system or method, or effect
cures thereof and charge therefor, directly
or indirectly, money or other compensation."

Under every definition -- even the most restrict-
ed -- one who practices medicine -- is a physician. And by
the language of paragraph 2 of Article 741 above quoted,
the Legislature long has made clear that the words "prac-
ticing medicine" include not only the administering of medi-
cine as such, but likewise the treatment of disease, mental
or physical disorder, or injury by any system or method
whatever.

Chiropractors have been held to be practicing
medicine, within the meaning of Article 741 Penal Code
(Teex v. State, 153 S. W. 1144; Maier v. State, 235 S. W.
576; Allison v. State, 76 S. W. (2) 527, such practition-
ers at that time, of course, having no license to practice
chiropractic. They were practicing medicine -- physicians
in fact though not in law.

Cases like Isaacson v. Wisconsin Casualty Asso-
ciation (Wis.) 203 N. W. 918, Nelson v. State Board of
Health (Ky.) 57 S. W. 501, New York Life Ins. Co. v. Mod-
relewski (Mich.) 255 N. W. 299, are readily distinguish-
able, since they do not deal with the specific question
under consideration.

Industrial Accident Board - page 7

Our answer has been directed primarily to
the question of "first aid" -- "what to do till the
doctor comes" -- since that alone involves the right
of an injured employee to call a physician at the ex-
pense of the Association. Beyond this the matter is
for the Association, as provided in Section 7 of
Article 8306.

Trusting that what we have said sufficient-
ly answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR